UNITED STATES DISTRICTR COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-CV-21171-KMW

DOUG LONGHINI,

       Plaintiff,

vs.

MANGLAR, LLC.,

       Defendant

_____ /

## DEFENDANT MANGLAR LLC'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT, OR, IN THE ALTERNATIVE, MOTION TO STRIKE PLAINTIFF'S DEMAND FOR ATTORNEYS' FEES

**COMES NOW**, the Defendant, MANGLAR, LLC (hereinafter referred to as "MANGLAR"), by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 12(b)(7), respectfully moves this Honorable Court for an Order dismissing Plaintiff's Complaint or alternatively to strike the Plaintiff's demand for attorneys' fees, and in support thereof, states: follows:

## INTRODUCTION

This is an action filed by the Plaintiff, DOUG LONGHINI, against MANGLAR, the owner of a small, commercial shopping center in Doral, Florida (the "Property"), asserting claims of inaccessibility and other alleged violations of the Americans With Disabilities Act (hereinafter the "ADA") against seven of the twelve tenants at the Property. MANGLAR is the owner the Property and acts a landlord to its tenants, however, it does not own, operate or otherwise manage any of the businesses that are its tenants.

In the seventy-two (72) paragraph complaint,[1] the Plaintiff specifically identifies seven (7) tenants at the shopping center who, he claims, are in violation of the ADA; to wit:

(1)  La Fontana Steakhouse. *See,* Complaint [DE 3] at pp. 5-7 at ¶¶ 19(A)(i) and (B)(i-xi);

(2) Maido Restaurant. *See,* Complaint [DE 3] at pp. 7-9 at ¶¶ 19(A)(i) and (B)(i-v);

(3) Mazza Restaurant. *See,* Complaint [DE 3] at pp. 9-10 at ¶¶ 19(A)(i) and (B)(i-v);

(4) Los Verdes Restaurant. *See,* Complaint [DE 3] at pp. 10-11 at ¶¶ 19(A)(i) and (B)(i-ii);

(5) My Roods. *See,* Complaint [DE 3] at pp. 11-12 at ¶¶ 19(A)(i-iv);

(6) China King Restaurant. *See,* Complaint [DE 3] at pp. 12-13 at ¶¶ 19(A)(i-v); and

(7) Don Pan Restaurant. *See,* Complaint [DE 3] at pp. 13-15 at ¶¶ 19(A)(i) and (B)(i-ix).

Plaintiff's Complaint alleges that the aforementioned seven Tenants are responsible for a variety of violations of the ADA that exist within their rented space. For Example, with respect to the first Tenant identified by the Plaintiff, La Fontana Steakhouse, the Complaint contains twelve (12) separate paragraphs alleging ADA violations for: improper bar counter height; improper signage for the bathrooms; improper door hardware (two, separate paragraphs related to same); missing grab bars in the toilet area (two, separate paragraphs related to same); trashcan obstruction in floor space; improper knee and toe clearances (two, separate paragraphs related to same); improper paper towel dispenser height; improper location of toilet flush valve; and

---

[1]  Twenty-six numbered paragraphs and forty-six subparagraphs, seventy-two in total.

improper maneuver clearance. *See,* Complaint [DE 3] at pp. 5-7 at ¶¶ 19(A)(i) and (B)(i-xi)

MANGLAR, the only named Defendant herein, cannot opine as to whether these claims are true or not, but it can certainly state as a matter of fact that the claims made by the Plaintiff are directed solely at La Fontana Steakhouse (and not MANGLAR).  The Defendant, as owner/landlord of the shopping center, has no ownership, control of or responsibility for the management or operation of La Fontana Steakhouse or that of any other of its tenants. Accordingly, any ADA violations (or other violations) that exist, or may exist, at any rented space (such as that with La Fontana Steakhouse) are the sole responsibility of the Tenant.  Accordingly, should the Plaintiff wish to proceed with its claims for ADA violations, La Fontana Steakhouse is a required party to said lawsuit.

The similarities between the allegations made by the Plaintiff against La Fontana Steakhouse and the other six Tenants is striking and clearly establishes that the Plaintiff is seeking relief from the landlord – when the landlord is without the means to give such relief as it does not own, operate, control or manage any of the  individual Tenant units where the Plaintiff claims ADA violations exist.

To be clear, of the seventy-two paragraphs in the Complaint, only *one* has any possible connection to the Property owner, to wit: "[t]he Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable." *See,* Complaint [DE 3] at p. 5 at ¶ 19(A)(i).  This allegation may, or may not, trigger any responsibility of the part of the Property owner, regardless however, same

is vague and unclear as where the alleged violation exists (*i.e.,* inside or outside of the demised space).  Standing alone, this is the only alleged fact in the entire Complaint that *may* be applicable and assertable against the Property owner.

Additionally, Longhini failed to make any pre-suit demand to MANGLAR which may have allowed it the opportunity to investigate the claim and remedy same without need of filing the instant action.

In short summary, the Plaintiff has sued MANGLAR for the alleged violations of seven independent and separate businesses (all separate legal entities) who are tenants at the Property, but has intentionally failed to name <u>any</u> of them as a Defendants in this lawsuit.  Each of the seven tenants are required parties to this lawsuit.

<u>**ARGUMENT**</u>

I.   **Plaintiff's Complaint Contains Mere Conclusions Devoid of Well-Pled Factual Allegations; Plaintiff Fails to Join Rule 19 Parties**

<u>A. Fed. R. Civ. P. 12(b)(6)</u>

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A pleading that asserts mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. And "on the assumption that all the allegations are true (even if doubtful in fact)," the factual allegations pleaded "must be enough to raise a right to relief above the speculative level."

*Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (brackets in original) (quoting Fed. R. Civ. P. 8(a)(2)). "The Supreme Court has employed a 'two-pronged approach' in applying the foregoing principles: first, a reviewing court should eliminate any allegations in the complaint that are merely legal conclusions; and second, where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Boyd v. Warden, Holman Correctional Facility*, 856 F.3d 853, 864 (11th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 679).

Of the seventy-two paragraphs in the Complaint, only *one* has any possible connection to the Property owner, to wit: "[t]he Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. There are threshold rises in excess of ½ inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable."

*See,* Complaint [DE 3] at p. 5at ¶ 19(A)(i). This allegation may, or may not, trigger any responsibility of the part of the Property owner – as same is likely the sole responsibility of the tenant – this Defendant is simply unable to ascertain same based on the vague and unclear statement made by the Plaintiff as to where the alleged violation exists (*i.e.,* inside or outside of the demised space; inside or outside of the tenant's front door; inside or outside (or on top of, perhaps) the tenant's flooring; *etc.*). Standing alone, this is the only alleged fact in the entire Complaint that *may* be directed at the Property owner, but *it is itself nothing other than a mere possibility of misconduct.*

For these reasons, the Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

B. Fed. R. Civ. P. 12(b)(7)

Even assuming *arguendo* that Plaintiff has a viable cause of action under the ADA against the Defendant, MANGLAR (the owner of the Property), the Plaintiff is confronted with yet another fatal defect subjecting his Complaint to dismissal, to-wit: Plaintiff has failed to join the proper and necessary parties that are responsible for all of the alleged ADA violations asserted in the Complaint. To be clear, the Plaintiff specifically identified seven (7) tenants at the shopping center who, he claims, are in violation of the ADA; to wit:

(1) La Fontana Steakhouse; [2]

(2) Maido Restaurant; [3]

(3) Mazza Restaurant; [4]

---

[2] *See,* Complaint [DE 3] at pp. 5-7 at ¶¶ 19(A)(i) and (B)(i-xi).

[3] *See,* Complaint [DE 3] at pp. 7-9 at ¶¶ 19(A)(i) and (B)(i-v).

(4) <u>Los Verdes Restaurant</u>; [5]

(5) <u>My Roods</u>; [6]

(6) <u>China King Restaurant</u>; [7] and

(7) <u>Don Pan Restaurant</u>. [8]

Incredibly, however, none of these tenants are named Defendants in this lawsuit. It is critical to note also that none of the conditions that exist in any of the demised spaces can be modified or changed by the named Defendant, MANGLAR. Thus, most respectfully, this Honorable Court could not presently grant the Plaintiff any effective relief in this action from this Defendant whatsoever, as none of the alleged violations are within its custody or control.

Rule 12(b)(7) provides that a party may present by motion the defense that the complaint should be dismissed "for failure to join a party under Rule 19." Fed. R. Civ. P 12(b)(7). District courts addressing a motion to dismiss under Rule 12(b)(7) and Rule 19 undergo a two-step inquiry. The first step is to determine whether the absent party is a "required party" within the meaning of Rule 19. *See Molinos Valle del Cibao v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011). If the absent party is "required" and can be joined, then "the court must order that the person be made a party." Fed. R. Civ. P 19(a)(2). In step two, if the absent party is "required" but cannot be joined, then the court must

---

[4]  *See,* Complaint [DE 3]  at pp. 9-10 at ¶¶ 19(A)(i) and (B)(i-v).

[5]  *See,* Complaint [DE 3]  at pp. 10-11 at ¶¶ 19(A)(i) and (B)(i-ii).

[6]  *See,* Complaint [DE 3]  at pp. 11-12 at ¶¶ 19(A)(i-iv).

[7]   *See,* Complaint [DE 3]  at pp. 12-13 at ¶¶ 19(A)(i-v).

[8]   *See,* Complaint [DE 3]  at pp. 13-15 at ¶¶ 19(A)(i) and (B)(i-ix).

consider if, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b).

The seven (7) tenants against whom the Plaintiff alleges violated the ADA *can* be joined to this action and *should* be joined in this action as the allegations are made against them and not the named Defendant. For these reasons, the Plaintiff's Complaint should also be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) and Plaintiff should be required to join La Fontana Steakhouse, Maido Restaurant, Mazza Pizzeria, Los Verdes Restaurant, My Roots, China King and Don Pan Restaurant as necessary and proper party-defendants to this action under Fed. R. Civ. P. 19.

**II.     (Alternative) The Plaintiff's Demand For Attorneys' Fees Should Be Stricken**

In the alternative, the Plaintiff's demand for attorneys' fees should be stricken, based upon his failure to provide the Defendant with any pre-suit notice of the alleged ADA violations and, thus, denying the Defendant in the opportunity to cure same prior to triggering any attorneys' fees claim.  Although a pre-suit notice of the alleged ADA violation is not a prerequisite to filing an ADA lawsuit, a growing number of courts have held that attorneys' fees may not be awarded under the ADA if the plaintiff failed to provide a pre-suit warning notice and a reasonable opportunity to cure the alleged violation. *See, Doran v. Del Taco, Inc.,* 373 F. Supp. 2d 1028, 1029 & 1033-34 (C.D. Cal. 2005)(attorneys fees are not recoverable under the ADA "in the absence of a pre-litigation unambiguous warning notice and a reasonable opportunity to cure the [alleged] violation"); *Rodriguez v. Investco, LLC,* 305 F. Supp. 2d 1278, 1282, n. 14 (M.D. Fla. 2004)("One might reasonably ask whether attorneys' fees should be awarded where no effort is made pre-suit to obtain voluntary compliance.").  As stated by Judge Presnell in

*Rodriguez,* pre-suit settlements do not invest plaintiff's counsel with an entitlement to attorneys' fees under the ADA.  *Id.,* at 1281.

Accordingly, as Longhini failed to make any pre-suit demand to MANGLAR it appears that the intent of this ADA plaintiff is to file lawsuits and collect attorneys fees without providing any opportunity to fulfill the spirit and purpose of the ADA by allowing defendants the opportunity to cure any real ADA violations, known or unknown to them, without being forced into litigation and without triggering any obligation to pay plaintiff's attorneys' fees.  As the *Doran* Court accurately stated,

> "[l]itigation is not necessarily needed to obtain ADA compliance. A wise business will comply with fair warning of ADA problems, and statistics presented to Congress show that most do. A true attorney general would not immediately sue, but would give a business an opportunity to fix the problem … An unambiguous warning notice would specify in detail the nature of the claimed ADA violation, and warn of the need for lawsuit if the defect is not fixed within a reasonable time."

*Doran, supra* at 133-34.

Accordingly, the Plaintiff's demand for attorneys' fees should be stricken, based upon the Plaintiff's failure to provide any pre-suit notice to MANGLAR and an opportunity to cure any ADA violations within a reasonable time prior to filing the subject lawsuit.

### III.    Conclusion

For all of the foregoing reasons, the Defendant, MANGLAR, LLC, respectfully requests that this Honorable Court dismiss this case for failure to state a cause of action. Additionally, the Defendant respectfully requests that the case be dismissed with directions to join the Rule 19 parties set forth herein above. Finally, the Defendant

requests that this action be dismissed as violative of the Defendant's fundamental due process and strike all attorneys' fees requested by the Plaintiff.

Respectfully submitted,

LAW OFFICE OF MICHAEL J. REPPAS, P.A.
*COUNSEL FOR DEFENDANT, MANGLAR, LLC*
1398 SW 160TH AVE., SUITE 102
WESTON, FLORIDA 333265
TEL: (305)822-8422
E-MAIL: REPPAS@REPPASLAW.COM

By: __s/ Michael J. Reppas_____
        MICHAEL J. REPPAS, ESQ.
        FBN: 124702

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was electronically filed with the Clerk of the Court on this 3rd day of April, 2020, using the CM/ECF system, which will send a notice of electronic filing to all counsel of record, including to Plaintiff's counsel, Anthony J. Perez, Esq., 4937 SW 74 Court, Unit 3, Miami, Florida 33155.

By: __s/ Michael J. Reppas_____
        MICHAEL J. REPPAS, ESQ.
        FBN: 124702